**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000367
15-APR-2026
08:05 AM
Dkt. 84 SO**

NO. CAAP-24-0000367

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
MATTHEW CARTER DAVIDSON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CPC-21-0000019)

## SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Matthew Carter **Davidson** appeals from the April 10, 2024 order denying his motion for an extension of time to appeal from the January 29, 2024 *Amended Judgment* of Conviction and Probation *Sentence* entered by the Circuit Court of the Fifth Circuit.[1] We affirm.

Davidson was charged by felony information with Unauthorized Control of Propelled Vehicle (**UCPV**), Theft in the First Degree, and Criminal Property Damage in the First Degree. On October 13, 2021, he pleaded no contest to UCPV under a plea agreement in which the State agreed to dismiss the other counts with prejudice after sentencing.

Davidson moved to withdraw his plea on March 28, 2022. An order denying the motion was entered on April 20, 2022.

---

[1] The Honorable Kathleen N.A. Watanabe presided.

A *Judgment of Conviction and Probation Sentence* was entered on August 9, 2022. The additional terms and conditions of probation stated: "The issue on Restitution shall be reserved." Davidson filed a notice of appeal on September 8, 2022. The appeal was dismissed for lack of jurisdiction.

Davidson again moved to withdraw his plea on November 21, 2022. According to Davidson, the Circuit Court never ruled on the motion because he reached an agreement with the State on the amount of restitution.

The Amended Judgment was entered on January 29, 2024. An *Order Granting Restitution* and a *Free Standing Order of Restitution* were entered on February 15, 2024.

A *Stipulation to Allow Defendant to Leave the Jurisdiction* was filed on February 20, 2024. It was signed by Davidson and recited that Davidson's father was "in ill-health and declining rapidly." Attached was an email from Davidson's mother dated February 9, 2024, that stated:

> I hope you can come out for a weekend soon to see your Dad. He's really going downhill quickly from the Alzheimer's and I'd like again while he can still recognize you. I'm so very worried about him. You two are so close. I'll be happy to pay for your round tri[p.] Please let me know at your earliest convenience.

Also attached were copies of an itinerary for round-trip travel between Līhuʻe and San Francisco from February 22 to 26, 2024. The Circuit Court approved the stipulation by order entered on February 21, 2024. Davidson signed a *Waiver of Extradition* filed on February 22, 2024.

The deadline for Davidson to file a notice of appeal from the Amended Judgment was February 28, 2024. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(b)(1). He did not file one.

On March 14, 2024, Davidson filed the ***Motion for Extension*** *of Time to File a Notice of Appeal.* It was supported

by Davidson's declaration, which stated:

> 2.    I was convicted on January 29, 2024.
>
> 3.    My father has been suffering from severe illness and is currently on his deathbed.  This has necessitated mainland travel, time spent with family, end-of-life planning, etc.  These obligations have made it extremely hard for me to spend time working on a notice of appeal in this case.
>
> 4.    Furthermore, my mental health issues, including extreme bi-polarity, have been exacerbated by the issues I have been dealing with relating to my father.  This too has made any decision-making regarding the appeal next to impossible.
>
> 5.    It is for these reasons that I missed the initial 30-day deadline.

The Circuit Court denied the Motion for Extension by order entered on April 10, 2024.  This appeal followed.

HRAP Rule 4(b)(5) provides:

> Upon showing of **good cause**, the circuit, district, or family court may, no later than 30 days after the time has expired, on motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision (b).

(Emphasis added.)

"Good cause" means "a sufficient reason, depending upon the circumstances of the individual case, and that a finding of its existence lies largely in the discretion of the court." Eckard Brandes, Inc. v. Dep't of Lab. & Indus. Rels., 146 Hawaiʻi 354, 363, 463 P.3d 1011, 1020 (2020).  We review the denial of an HRAP Rule 4(b)(5) motion for extension of time for abuse of discretion.  Cf. id. at 359, 463 P.3d at 1016 (applying HRAP Rule 4(a)(4)(B) in civil appeal).

Defense counsel in a criminal case must "explain to the defendant the meaning and consequences of the court's judgment and the client's right to appeal[.]" State v. Cardenas, 150 Hawaiʻi 307, 318, 500 P.3d 492, 503 (App. 2021).  Davidson was represented by court-appointed trial counsel when the Amended

3

Judgment was entered. He does not contend his trial attorney didn't explain his right to appeal the Amended Judgment.

He stated his travel to the mainland and obligations surrounding his father's severe illness "made it extremely hard for me to spend time working on a notice of appeal[.]" He didn't have to work on a notice of appeal. On September 13, 2022 (shortly after Davidson filed his 2022 notice of appeal), Kai **Lawrence** filed a *Notice of Limited Special Appearance* "solely for the purpose of adding the case to Counsel's [JEFS] docket so that [he] may access the record therein, and enter filings as needed as they may relate to the forthcoming anticipated appeal."

We dismissed the 2022 appeal for lack of jurisdiction on February 1, 2023. In a footnote to the order we stated:

> Moreover, because it appears that attorney Kai Lawrence has not been substituted in to represent Davidson in the Circuit Court and the record indicates Davidson is represented by Shaylene Iseri, Esq. in the underlying case, 5CPC-21-0000019, the circuit court may wish to clarify who represents Davidson going forward.

On February 8, 2023 (one year before the Amended Judgment was entered), the State filed a *Motion for Status of Counsel.* In response, Lawrence filed a declaration stating he "has always only ever indicated that he is appellate counsel for [Davidson] should this PC case ever reach a final judgment." The record shows Davidson had trial and appellate counsel when the Amended Judgment was entered. The record does not show that Iseri or Lawrence could not or would not file his notice of appeal, or move for an extension of time to do so.

Davidson stated his mental health issues were "exacerbated by the issues I have been dealing with relating to my father[,]" making "any decision-making regarding the appeal next to impossible." The Amended Judgment was entered on January 29, 2024. Not until eleven days later was Davidson informed by his mother's email that his father was "going

4

downhill quickly." He had the presence of mind to sign a stipulation allowing him to travel to San Francisco, and a separate waiver of extradition. He did not leave Kauaʻi until February 22, 2024. Even if he hadn't already decided to appeal from the Amended Judgment, he had twenty-four days after it was entered to decide to appeal before he left Kauaʻi to see his father, or to ask Iseri or Lawrence to move for an extension of time to file a notice of appeal to allow him to decide. Davidson does not argue that either of his attorneys was ineffective, and we cannot make that determination based on the record before us.

During the hearing on the motion to extend time, the Circuit Court orally ruled that "the excuse for Mr. Davidson not filing -- not timely filing a notice of appeal does not constitute good cause." On this record, we cannot say the Circuit Court abused its discretion in so ruling.

The April 10, 2024 *Order Denying Defendant's Motion for Extension of Time to File a Notice of Appeal of this Court's Judgment of Conviction and Sentence Filed on January 29, 2024* is affirmed, without prejudice to Davidson filing a proceeding under Rule 40 of the Hawaiʻi Rules of Penal Procedure based on ineffective assistance of counsel should he choose to do so.

DATED: Honolulu, Hawaiʻi, April 15, 2026.

On the briefs:

Kai Lawrence,
for Defendant-Appellant
Matthew Davidson.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauaʻi,
for Plaintiff-Appellee
State of Hawaiʻi.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge